IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:18-CV-106-RJC-DSC

| | |
|---|---|
| MALCOLM H. WIENER,<br><br>     **Plaintiff,**<br><br>v.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY LLC,<br><br>     **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Transfer [to the Southern District of New York]" (document #10) and "Plaintiff's Motion to Strike Reply Brief or in the Alternative for Leave to File Surreply …" (document #17), as well as the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration. Having fully considered the arguments, the record, and the applicable authority, the Court <u>denies</u> Defendant's Motion to Transfer as discussed below.

The Court has considered all of the parties' briefs. Accordingly, "Plaintiff's Motion to Strike Reply Brief or in the Alternative for Leave to File Surreply …" (document #17) is <u>denied</u>.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1986 and 1987, Plaintiff purchased three universal life insurance plans from Defendant. (the "Policies"). Plaintiff is a Connecticut resident. Defendant is an international life insurance company incorporated under New York law. Defendant has an operations hub in Charlotte with over 500 employees. Plaintiff's former employer had assumed responsibility for paying the premiums on the Policies. The Policies lapsed in 2009 due to an oversight by Plaintiff's former

employer. Defendant subsequently approved Plaintiff's application for reinstatement. In December 2013, Plaintiff received another notice that the Policies had lapsed. After receiving the notice, Plaintiff contacted Defendant and was advised to file an application for reinstatement. Plaintiff filed the application for reinstatement on December 23, 2013. In March 2014, Defendant advised Plaintiff that it had denied his application for reinstatement based upon information provided by his doctor. On May 13, 2015, Plaintiff filed an action against Defendant and others styled <u>Malcolm Wiener v. AXA Equitable Life Insurance Company, David Hungerford, AXA Advisors, LLC, and AXA Network, LLC</u>, Civil Action No. 1:16-CV-04019 in the United States District Court for the District of Connecticut. This action was ultimately transferred to the Southern District of New York (the "New York Action"). The claims alleged in the New York Action center on Defendant's termination of the Policies and specifically whether the appropriate notices were sent to Plaintiff.

During depositions in August and October 2017, Plaintiff discovered that Defendant had disseminated inaccurate information about his medical history to the Medical Information Bureau ("MIB") without his knowledge. MIB collects medical information from life insurance applicants. Discovery closed in the New York Action on December 22, 2017. The New York Action remains pending.

The present action involves some of the same parties and operative facts as the New York Action. However, the gravamen of Plaintiff's Complaint here involves Defendant's alleged reporting of inaccurate medical information to MIB. Plaintiff alleges that Defendant's underwriter reported the inaccurate information to its Charlotte operations facility who in turn reported it to MIB. Plaintiff alleges that this inaccurate report to MIB has rendered him uninsurable.

On January 25, 2018, Plaintiff filed this action alleging claims for negligent misrepresentation, libel, negligence, and unfair and deceptive trade practices based upon Defendant's inaccurate report to MIB and his resulting uninsurability.

On April 12, 2018, Defendant moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Southern District of New York for the convenience of the parties and witnesses and in the interests of justice. In support of its Motion, Defendant argues that this action arises from the "same background facts" as the New York Action and has already been the subject of discovery there.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

The Court must first determine whether the action could have been brought in the transferee district. As the parties agree, this action could have been brought in the Southern District of New York.

If venue in the transferee court is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990). Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of these factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990).

### A. Plaintiffs' Choice of Forum

Plaintiff's choice of forum is given considerable weight and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C.2003) (citing Collins), aff'd, 196 Fed.Appx 178 (4th Cir.2006). Defendant carries a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. February 11, 2008). As this Court has previously noted, it is "black letter law" that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F.Supp.

725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

Here, North Carolina is the place where the operative events are alleged to have occurred. Defendant has a substantial presence here. Applying these legal principles, the Court finds that the Plaintiffs' choice of forum is entitled to great weight and strongly favors retention.

### B. The Residence of the Parties

Plaintiff is a resident of Connecticut. Defendant is incorporated in New York and purports to have its principal place of business in New York. However, for purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C.A. § 1391(c)(2); see also Trivette v. Walmart Stores, Inc., No. 3:17-CV-00560, 2017 WL 5179533, at *2 (W.D.N.C. Nov. 8, 2017). Defendant is a North Carolina resident for venue purposes. This factor favors retention.

### C. The Relative Ease of Access to Proof

The Court finds that the bulk of the evidence is located in this district. This factor favors retention.

### D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses

Defendant's Charlotte-based employees will be available in either venue. Likewise, there may be difficulties compelling attendance of non-party witnesses in either venue. This factor is neutral.

### E. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

The Court finds that this factor is neutral. Although the same parties and basic facts are present in the New York Action, the fact that discovery has concluded there and not yet commenced here minimizes those efficiencies.

### F. The Administrative Difficulties of Court Congestion

Considerations involving court congestion favor retention. A comparison of both districts shows that this district has fewer filings, fewer civil filings and fewer pending cases per judge. This comparison also indicates that this district disposed of cases an average of ten months faster than the Southern District of New York. See "Plaintiff's Memorandum in Opposition …" at 12 (document #15).

### G. The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action

This is a diversity case and Plaintiff brings a claim for unfair and deceptive trade practices under North Carolina law. This Court's familiarity with applicable state law favors retention.

### H. Remaining Factors

The remaining factors—the possibility of a jury view, relative advantages and obstacles to a fair trial, enforceability of a judgement, and avoiding unnecessary conflict of law problems—are neutral.

Having considered all of the factors individually, the Court also considers these factors cumulatively. Both quantitatively and qualitatively, these factors weigh in favor of retention.

Accordingly, the Court concludes that the interests of justice and convenience warrant denying Defendant's Motion to Transfer Venue under Section 1404(a).

## III. ORDER

**NOW IT IS THEREFORE ORDERED that**:

1. "Defendant's Motion to Transfer [to the Southern District of New York]" (document #10) and "Plaintiff's Motion to Strike Reply Brief or in the Alternative for Leave to File Surreply …" (document #17) are **DENIED**.

2. The Clerk is directed to send copies of this Order to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: July 12, 2018

David S. Cayer
United States Magistrate Judge