UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00106-RJC-DSC

| | |
|---|---|
| MALCOLM WIENER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| AXA EQUITABLE LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on AXA Equitable Life Insurance Company's ("Defendant") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), (Doc. No. 10); the Magistrate Judge's Memorandum and Order ("M&O"), (Doc. No. 21), denying Defendant's Motion to Transfer; and Defendant's Objection to the M&O, (Doc. No. 22). Also before the Court is Defendant's Motion to Strike Plaintiff's Opposition Brief to Defendant's Objection to the M&O, or in the Alternative, for Leave to File a Reply, (Doc. No. 24).

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. LEGAL STANDARD

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Id.; Fed. R. Civ. P. 72(a). An order transferring a case to another district court is generally viewed as a non-dispositive matter, and thus is reviewed under Rule 72(a). See Cadence Bank, N.A. v. Horry Props., LLC, No. 2:09-cv-44, 2010 WL 4026392, at *2 n.4 (W.D.N.C. Oct. 13, 2010). A magistrate judge's order is contrary to law if the judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

Today, the Court is tasked with evaluating the propriety of the Magistrate Judge's transfer decision as outlined in the M&O. This is a nondispositive order which the Court will only set aside or modify if it is clearly erroneous or contrary to law. See Powell v. Town of Sharpsburg, No. 4:06-cv-117, 2009 WL 863348, at *7 (E.D.N.C. Mar. 27, 2009) (holding that the critical issue is the disposition the magistrate actually imposes, not that requested by the party).

## III. DISCUSSION

When similar lawsuits are filed in multiple forums, the Fourth Circuit adheres to the "first-filed" rule, which holds that the "the first suit should have priority, absent the showing of [a] balance of convenience in favor of the second

2

action." Volvo Constr. Equip. N. Am., Inc., v. CLM Equip. Co., Inc., 386 F.3d 581, 594–95 (4th Cir.2004) (internal citations omitted). Multiple lawsuits are subject to the first-filed rule if the same factual issues provide the basis for each suit. Allied–Gen. Nuclear Serv's. v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir.1982).

Courts applying the first-filed rule will dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier-filed action. See id. (citing Carbide & Carbon Chem. Corp. v. U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir.1944)) (finding that the earlier-filed lawsuit must proceed "to the exclusion of" subsequently-filed lawsuits); see also Quesenberry v. Volvo Group N. Am., Inc., No. 1:09-cv-22, 2009 WL 648658, at *2–3 (W.D. Va. March 10, 2009) ("[T]he "first-to-file" rule supports dismissing, staying or transferring [an] action . . . ."); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003) ("Where the same parties have filed similar litigation in separate federal fora . . . the later-filed action should be stayed, transferred, or enjoined."). However, application of the rule is discretionary, not mandatory. Nutrition & Fitness, 264 F. Supp. 2d at 361. As the Fourth Circuit has stated, "this Circuit has no unyielding 'first-to-file' rule." CACI Intern., Inc. v. Pentagen Technologies Int'l., 1995 WL 679952, at *6 (4th Cir. 1995) (unpublished).

Some courts in the Fourth Circuit have used a three-factor test to determine whether cases are subject to the first-filed rule based on (1) the chronology of the filings, (2) the similarities of the parties involved, and (3) the similarity of issues

being raised.  Remington Arms. Co., Inc. v. Alliant Techsystems, Inc., 2004 WL 444574, at *2 (M.D.N.C. Feb. 25, 2004) (internal citations omitted).  Here, Defendant contends that the M&O erred by not applying and adhering to the first-filed rule.  Defendant claims that "if the M&O had engaged with the first-filed rule, the result would have been different, given the substantial overlap between the parties and issues involved in the two actions and the timing of this case relative to the New York action, [Malcolm Wiener v. AXA Equitable Life Insurance Company, David Hungerford, AXA Advisors, LLC, and AXA Network, LLC, Civil Action No. 1:16-CV-04019], in which the core common issues have been litigated extensively." (Doc. No. 22 at 5).  The Court finds that this objection is meritless.  Although the M&O did not explicitly reference its engagement with the first-filed rule in the order, the M&O considered the first-filed rule and weighed how the aforementioned three factors apply to the case at hand.  But, after assessing the three factors, the M&O ultimately concluded that the first-filed rule does not apply in these circumstances due to the different legal issues relevant in the New York action and this action.

  The M&O considered the first factor—the chronology of the filings—by establishing that the instant action was filed three years after the Plaintiff filed suit in the Southern District of New York on May 13, 2015.  (Doc. No. 21 at 2–3).  Within this discussion, the M&O also considered the second factor—the similarity of the parties—when it found that "the present action involves some of the same parties . . . ."  (Id. at 2).  And finally, it considered the third factor when it concluded that,

4

despite having "some of the same . . . operative facts as the New York Action . . . the gravamen of Plaintiff's Complaint here involves Defendant's alleged reporting of inaccurate medical information to [the] M[edical] I[nformation] B[oard]." (Id.). In contrast, the M&O characterized the issues at stake in the New York action as orbiting around "Defendant's termination of the Policies and specifically whether the appropriate notices were sent to Plaintiff." (Id.). Here, on the other hand, the M&O found that the issues turn on Plaintiff's allegation "that Defendant's underwriter reported the inaccurate information to its Charlotte operations facility who in turn reported it to MIB"—an action which Plaintiff alleges "has rendered him uninsurable." (Id.).

Therefore, the Court finds that the M&O did engage with the first-filed rule and properly determined that it should not apply considering the differences between the legal issues being raised in each action. The Court concludes that the M&O did not commit clear error by not expressly invoking the magic term "the first-filed rule." No such invocation was necessary. The M&O engaged with the rule, found that it did not apply, and instead applied the proper multi-factored test for determining whether transfer of venue under 28 U.S.C. § 1404(a) is appropriate. For the reasons outlined in the M&O, this Court agrees that the relevant factors courts consider under § 1404(a) both "[q]uantitatively and qualitatively . . . weigh in favor of retention" and that the interests of justice and convenience warrant denial of Defendant's Motion to Transfer Venue. Therefore, the Court concludes that the M&O is not clearly erroneous or contrary to law, and thus denies Defendant's

Objection, (Doc. No. 22).

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Objection to the M&O, (Doc. No. 22), is **DENIED**; and

(2) Defendant's Motion to Strike, (Doc. No. 24), is **DENIED as moot**.

Signed: February 13, 2019

Robert J. Conrad, Jr.
United States District Judge