IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:18-CV-106

MALCOLM H. WIENER,

                Plaintiff,

v.

AXA EQUITABLE LIFE INSURANCE COMPANY, LLC,

                Defendant.

PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE

Plaintiff Malcolm H. Wiener ("Plaintiff") through counsel, respectfully submits this surreply in response to Defendant, AXA Equitable Life Insurance Company, LLC's, ("Defendant") Reply to Defendant's Omnibus Reply Memorandum of Law in Support of its Motions in Limine ("Omnibus Reply").

In its original Motion to Preclude Expert Testimony, Defendant went to great lengths to attempt to show Plaintiff's expert's, Stephen Burgess, supposed lack of knowledge about the contents of Plaintiff's MIB file. Specifically, Defendant claims that Burgess did not have knowledge of an October 24, 2017 letter from the MIB to Plaintiff identifying four codes regarding Plaintiff's health and medical conditions in his MIB file in October 2017 rather than the seven codes reported to the MIB in March 2014 based on the testimony of the only two witnesses—both employees of Defendant and one of them acting as Defendant's Rule 30(b)(6) corporate designee—with personal knowledge of the medical conditions Defendant determined from Plaintiff's medical records, coded and reported to the MIB about Plaintiff. Burgess based his expert testimony on what Defendant itself (through Hawkins and Huffstetler) testified to reporting

in March 2014, (which is when Plaintiff sought replacement insurance), rather than what was in his MIB file over 3 ½ years later when no insurance was being sought.

Plaintiff addressed Defendant's disingenuous characterization of Burgess's testimony in its objection to the Motion to Preclude Expert Testimony by highlighting the discrepancy between Defendant's own testimony regarding its MIB reporting in March 2014 and the MIB letter regarding Plaintiff's file in October 2017. Plaintiff further cited its intention to address how this discrepancy could have occurred, which it intends to address at trial, not through speculation, but through the examination of Stephen Burgess and (if he is permitted to testify) cross examination of Jonathan Sager on whose hearsay testimony Defendant relied extensively in support of its Motion In Limine.

Upon learning of Plaintiff's theory regarding the coding discrepancies between Defendant's own testimony and the contents of the October 2017 MIB letter, Defendant served a supplemental interrogatory answer in response to Defendant's First Set of Interrogatories on July 9, 2020, 1 day prior to service of its Omnibus Reply on July 10, 2020. The interrogatory in question ("Interrogatory #1") asked:

> Identify any Medical Information Bureau a/k/a MIB Group, Inc. ("MIB") codes you have reported, changed, modified or corrected concerning Malcolm Wiener, including a description of the meaning of the code You as reported, changed, modified or corrected, the date such code was reported, changed, modified or corrected, the identity of the person(s) who reported such code or any change, modification or correction of a code, and, if changed, modified or corrected, the meaning of the original code so changed, modified or corrected.

In its initial response served on January 22, 2020, Defendant answered Interrogatory #1 as follows:

> Defendant objects to the foregoing request on the grounds that the information requested is already known to Plaintiff and/or his counsel by way of the previous document production and deposition testimony in the related New York Action. Notwithstanding this objection and subject to the general objections set forth above, Defendant responds as follows:

> Per direction from Hallie Hawkins on March 12, 2014, Sandra Huffstetler reported the following codes to the MIB: 929gzn; 208sz#; 336kz#; 346kz#; 416kz#; 347sz#; and, 157kz#.

This answer was consistent with the deposition testimony provided by Hawkins and Huffstetler at their respective depositions and with the contemporary documentation of both witnesses, which was the same testimony Burgess reviewed and relied upon in forming the expert opinion he has provided in this action. *See* Deposition of Sandra Huffstetler, pp. 98:22-99:25; Deposition of Hallie Hawkins, Vol. 2, pp. 279:4-286:2, Deposition of Stephen Burgess, pp. 117:9-118:7 attached hereto as Exhibit A, B and C, respectively.

However, on July 9, 2020, Defendant changed its answer to Interrogatory 1 to the following:

> Defendant objects to the foregoing request on the grounds that the information requested is already known to Plaintiff and/or his counsel by way of the previous document production and deposition testimony in the related New York Action. Notwithstanding this objection and subject to the general objections set forth above, Defendant responds as follows:
>
> Per her review of the medical records, Hallie Hawkins on March 12, 2014, requested that Sandra Huffstetler report certain codes to the MIB. Defendant refers Plaintiff to the report of Mr. Lynn Patterson for a description of the meaning of the codes. Defendant has since learned that the information actually reported to the MIB differed from what Ms. Hawkins requested that Ms. Huffstetler report. Therefore, the MIB file contains the actual information reported by Defendant. The information actually reported to the MIB is reflected in the MIB's letter to Plaintiff dated October 24, 2017 (*see* Dkt. No. 49-5).

Defendant cannot justify preclusion of Steve Burgess's expert testimony because Burgess relied on Defendant's own employees' testimony about Defendant's actions and what it reported to the MIB at the time immediately prior to when Plaintiff sought replacement insurance. Defendant has now flatly contradicted that testimony in order to supply an interrogatory answer to be consistent with an MIB letter stating the contents of Plaintiff's MIB file in October 2017.

Burgess's reliance on Defendant's own sworn testimony is far more relevant and reliable to the issues in dispute, which center on events that took place in the spring of 2014, than the contents of Plaintiff's MIB file 3 ½ years later and for which Defendant now offers a new and inconsistent discovery answer in an attempt to "true up" the record and attempt to retroactively discredit Plaintiff's expert.

In addition, Defendant's motion to preclude evidence regarding its termination of Plaintiff's life insurance policies and denial of its reinstatement application is ill advised because those two issues are intertwined with testimony concerning Defendant's assessment of Plaintiff's health and medical history and reporting of its conclusions regarding the same to the MIB, which now becomes relevant to proving or disputing the validity of Defendant's new assertion as well. The new and contradictory testimony Defendant offers in its supplemental interrogatory answer is an attempt to fix the glaring inconsistency between Defendant's employees' testimony and the October 2017 MIB letterthe contents of Plaintiff's MIB file in October 2017. Plaintiff must be allowed to provide evidence, which necessarily arises from the factual background of Defendant's termination of Plaintiff's life insurance policies and denial of his reinstatement application, to counter the changed facts Defendant now offers.

For the reasons stated herein, Defendant's Motions should be denied.

This 29th day of July, 2020.

                                            /s/ Kerry L. Traynum
Kerry L. Traynum
Skufca Law PLLC
N.C. State Bar No.: 32968
1514 S. Church Street Ste. 101
Charlotte, NC 28203
Tel 704.376.3030
Fax 704.376.8522
kerry@skufcalaw.com
Counsel for Plaintiff Malcolm Wiener

# CERTIFICATE OF SERVICE

I certify that the foregoing **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE** has been served upon counsel of record by has been served upon each of the parties to this action or their attorneys of record electronically as follows:

>Aaron C. Lang
>Cadwalader, Wickersham & Taft LLP
>227 West Trade Street
>Charlotte, NC 28202
>aaron.lang@cwt.com
>
>Robert W. Cassot
>Morrison Mahoney LLP
>One Constitution Plaza, 10th Floor
>Hartford, CT 06103-1810
>rcassot@morrisonmahoney.com

This 29th day of July, 2020.

**SKUFCA LAW, PLLC**

 /s/ Kerry L. Traynum
Kerry L. Traynum
N.C. State Bar No.: 32968
1514 S. Church Street Ste. 101
Charlotte, NC 28203
Tel 704.376.3030
Fax 704.376.8522
kerry@skufcalaw.com
Counsel for Plaintiff Malcolm Wiener