IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-106-RJC-DSC

| MALCOLM WIENER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | EQUITABLE'S MOTIONS TO DISMISS AND FOR POST-TRIAL RELIEF |
| v. | ) ) ) | |
| AXA EQUITABLE LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to Rules 12(b)(1), 12(h)(3), 50(b), and 59 of the Federal Rules of Civil Procedure, defendant Equitable Financial Life Insurance Company (f/k/a AXA Equitable Life Insurance Company) moves the Court to vacate the September 10 judgment in this case and to grant relief in accordance with these motions. Equitable is simultaneously filing a brief in support of these motions. As a summary of the grounds for the motions, Equitable shows the following:

1. The Court lacks subject-matter jurisdiction over plaintiff Malcolm Wiener's negligence claim. That claim involves Equitable's disclosures to the Medical Information Bureau, an insurance-support organization. A North Carolina insurance statute creates exclusive remedies for disclosures to an insurance-support organization. More importantly, that statute expressly immunizes insurers from negligence claims like Mr. Wiener's. That statutory immunity defeats federal subject-matter jurisdiction here. Rules 12(b)(1) and 12(h)(3) therefore call for this lawsuit to be dismissed.

2. Judgment for Equitable under Rule 50(b) is warranted because Mr. Wiener has not offered legally sufficient evidence on causation and injury. Mr. Wiener did not present

sufficient evidence on three aspects of his negligence claim: (1) that he is uninsurable; (2) that even if he is uninsurable, the MIB codes caused that condition; and (3) that if not for Equitable's disclosure of the codes, Mr. Wiener would have obtained new life insurance. Those failures of proof call for judgment in favor of Equitable as a matter of law. Alternatively, they call for a new trial under Rule 59.

3. Mr. Wiener's evidence on damages is legally insufficient as well, because it conflicts with the governing law on damages. Mr. Wiener claims that Equitable prevented him from getting a new life insurance policy, but he premised his damages only on the death benefit of his old Equitable policies. His damages evidence had nothing to do with the legally proper measure of damages in a case like this one: the net economic value of the policy that Mr. Wiener could buy on an unencumbered market. The absence of legally sufficient evidence on damages calls for judgment in Equitable's favor, remittitur to nominal damages of $1.00, or a new trial.

WHEREFORE, for the reasons stated in this motion and its accompanying brief, Equitable requests that the Court vacate the judgment in this lawsuit and dismiss the lawsuit. Alternatively, Equitable requests that the Court enter judgment as a matter of law in Equitable's favor. Alternatively, Equitable requests that the Court remit Mr. Wiener's damages to nominal damages of $1.00 or order a new trial.

If the Court would find oral argument on these motions helpful, Equitable would be pleased to participate in argument.

This 8th day of October, 2020.


/s/ John R. Wester
John R. Wester
N.C. State Bar No. 4660
Matthew W. Sawchak
N.C. State Bar No. 17059
Stephen D. Feldman
N.C. State Bar No. 34940
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
jwester@robinsonbradshaw.com
msawchak@robinsonbradshaw.com
sfeldman@robinsonbradshaw.com
Telephone: 704-377-2536
Telefax: 704-378-4000

Aaron C. Lang
N.C. State Bar No. 51511
Cadwalader Wickersham & Taft LLP
227 West Trade Street
Charlotte, NC 28202
aaron.lang@cwt.com
Telephone: 704-348-5145
Telefax: 704-348-5200

Robert Cassot (admitted pro hac vice)
Federal Bar No. ct24004
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
rcassot@morrisonmahoney.com
Telephone: 860-616-4441
Telefax: 860-244-3800

Counsel for Equitable